# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANGELA Y. WALKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 4:10CV2428 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## Facts and Background

Plaintiff was 45 years old at the time of the hearing. She graduated from high school and had attended junior college. Plaintiff has an Associate's degree in physical Therapy Assistance. The ALJ found Plaintiff had the severe impairments

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

of: obesity; bilateral carpal tunnel syndrome; minimal degenerative changes of the left knee; and depression. At the January 28, 2010 hearing, Plaintiff testified that she cares for her 16 year old autistic son and disabled mother. Plaintiff also has a nine year old daughter. She no longer works. Plaintiff further testified that she can only be on her feet for about 10-15 minutes; she can walk a couple of blocks and gets bad cramps in her knees when she sits for a lone time. She tries to get up every 10-12-15 minutes. She testified she can only lift five or ten pounds. Plaintiff takes the medicines prescribed for her according to the directions. The medicines cause her to have trouble sleeping and make her nauseated a lot.

A vocational expert also testified. When asked a hypothetical question, the vocational expert testified that a person with claimant's education, past work experience, ability to lift 20 pounds occasionally and 10 pounds frequently, stand or walk for six hours out of eight, sit for six, could perform her past relevant secretarial work and supply technician job. The VE testified that a person with concentration and distraction problems probably could not work.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on March 24, 2009. On March 8, 2010, the ALJ issued an unfavorable decision. On October 28, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ

stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at

611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can

perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**ALJ's Decision**

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since January 20, 2009, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: Obesity; bilateral carpal tunnel syndrome; minimal degenerative changes of the left knee; and depression. At Step Three, the ALJ found that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals one of the impairments in 20 CFR 404.1525, 404.1526, 416.925, 416.926.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she is limited to lifting 20 pounds occasionally, 10 pounds frequently, stand or walk six hours out of an eight-hour work day and sit six hours out of an eight-hour work day. The ALJ determined that Plaintiff could not climb ropes, ladders and scaffolds; she could not engage in handling or gross manipulation, bilaterally, on more than a frequent basis. Plaintiff should also avoid concentrated exposure to extreme cold, vibration and the hazards of unprotected heights. The ALJ determined that Plaintiff is able to understand, remember and carry out at least simple instructions and non-detailed tasks.

At Step Four, the ALJ determined that Plaintiff was incapable of performing her past relevant work.

At Step Five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ therefore determined that Plaintiff had not been under a disability from the onset date through the date of the decision.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls

outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ's decision is not supported by substantial evidence because the ALJ accepted some, but not all of the limitations found by the agency doctor without any explanation of why some were accepted and some were ignored; (2) the ALJ's findings and conclusions are not supported by substantial evidence because the ALJ's RFT is not adequately supported by medical evidence; (3) the ALJ did not consider Plaintiff's excellent work record when assessing her credibility.

**Limitations**

While Plaintiff argues that the ALJ failed to take into consideration all of Dr. DeVore's limitations. As Defendant correctly argues, Section I of the Mental RFC Assessment form is a worksheet, while Section III of the Mental RFC is the actual mental assessment. See Program Operations Manual System (POMS) DI24510.060. Dr. DeVore concluded that Plaintiff was capable of performing competitive simple work. The ALJ's finding is consistent with this conclusion.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that they reduced her ability to stand, walk and sit. Thus, the ALJ determined that Plaintiff could only perform light work, with certain limitations, *i.e.*, she should only lift 20 pounds occasionally and 10 pounds frequently; she should stand, walk and sit only 6 hours in an 8 hour work day.

The medical evidence in the record supports the ALJ's conclusions. Plaintiff had only minimal spur formation. Dr. Kraemer noted Plaintiff had full range of motion in both hands and her grip was symmetrical. Plaintiff's hands were noted as normal and she had full range of motion of her elbows, wrists, hips, knees, and ankles, as noted by Dr. Olsen. Plaintiff advised Dr. Olsen that her carpal tunnel syndrome had improved with the use of splints and physical therapy; Plaintiff did not decide to have surgery for carpal tunnel. Dr. Chaganti noted that Plaintiff was "mildly ill" repeatedly, although he did note her as "moderately ill." In consideration, the RFT recognized Plaintiff's limitations in determining that Plaintiff could remember simple instructions and non-detailed tasks.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ

[is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

As the Commissioner correctly argues, the ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints. Plaintiff was able to walk her daughter to school, do some laundry, drive, clean the bedroom and living room, prepare afternoon snacks for her children, help her children with their homework and prepare dinner. Plaintiff shops for groceries and attends church. The record supports the finding that Plaintiff's complaints were not entirely credible.

**Work record**

Plaintiff argues that the ALJ erred because he failed to consider her work record in assessing her credibility. Although the Court agrees that a long and continuous past work record with no evidence of malingering is a factor supporting credibility of assertions of disabling impairments, the fact remains that it is just one factor to consider in assessing credibility. The ALJ's conclusion that Plaintiff was not entirely credible is based on a combination of several factors in the record, and is entitled to deference.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 20th day of November, 2013.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**